IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIDGEPORT RETAIL, LLC, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br><br>COMMERCE CRG UTAH, LLC, et al.,<br>Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS<br><br><br><br><br><br>Case No. 2:08-CV-162 TS |

This matter comes before the Court on Defendants' two Motions to Dismiss.[1]  Defendants have filed one motion with respect to Cushman & Wakefield and another with respect to several individual defendants.  For the reasons set forth below, these motions will be granted.

I.      Factual Background

Plaintiffs are several limited liability companies, each with its principal place of business located in Lake Oswego, Oregon, and registered to do business in Utah ("Plaintiffs").

Defendants are Commerce CRG Utah, LLC ("Commerce"), Cushman & Wakefield ("Cushman"), William K. Martin ("Martin"), William L. D'Evelyn ("D'Evelyn"), Mike Lawson ("Lawson"), Dana Baird ("Baird"), Erik Harper ("Harper"), Scott Bennion ("Bennion"), Ellen

[1]Docket Nos. 12 and 18.

Long ("Long") and John Does 1 through 10.

Martin, D'Evelyn, Baird, Harper, and Bennion are managers of Commerce.  Lawson is a member of Commerce and Does 1 through 10 are "agents, associates, principles, directors, officers, employees, subordinates, or affiliates of Commerce[.]"[2]

Plaintiffs sought to retain the services of a large national company with an established reputation to manage several properties owned by Plaintiffs.  In 2005 and 2006, Plaintiff retained the services of Commerce, based largely on its affiliation with Cushman, to manage the properties.  The Management Agreement lists a Plaintiff company and Commerce as the only parties; there are no references to Cushman in the Agreement.  The contract required Commerce to perform several functions for Plaintiffs, including preparing and submittin an operating budget, collecting rents and other payments from tenants leasing the properties, and other responsibilities "customarily performed by managing agents"of the buildings.[3]  On each property, Commerce was required to use diligent efforts to collect the rents and various fees, including monthly estimated common area maintenance fees ("CAM" fees).  Commerce received and accepted compensation for the services described in the contracts and the schedules referenced therein.

II.     Procedural History

Plaintiffs filed this suit against all Defendants, asserting three causes of action: 1) breach of contract; 2) negligence; and 3) breach of fiduciary duty.  Plaintiffs allege that Commerce failed to properly reconcile the fees collected with the actual amounts due and failed to properly

_____

[2]Cmplt. at ¶ 16 (Docket No. 4).

[3]*Id*. at ¶ 30.

adjust CAM payments as required by the leases and according to industry standards.

A.      Cushman's Motion to Dismiss

In its Motion to Dismiss, Cushman seeks dismissal of all claims based on four grounds. First, Cushman asserts that it is not responsible for the obligations and liabilities of Commerce solely because it is the parent company of Commerce.  Second, Commerce alone entered into the contracts with Plaintiffs, thus the breach of contract claim as against Cushman should be dismissed.  Third, Cushman argues that the breach of fiduciary duty claim must fail because the contracts were negotiated at arm's length and, therefore, did not give rise to any fiduciary duty. Fourth, Cushman argues that Plaintiffs did not properly plead negligence in accordance with Rule 8 of the Federal Rules of Civil Procedure.

B.      Individual Defendants' Motion to Dismiss

In the motion filed by several individual defendants, Defendants Martin, D'Evelyn, Lawson, and Bennion ("Individual Defendants") argue dismissal on four grounds, which are largely similar to those asserted by Cushman.  First, the Individual Defendants seek dismissal of the entire Complaint with respect to them because Commerce is properly registered to do business in Utah.  Second, the Individual Defendants assert that because Commerce alone entered into the contracts with Plaintiffs, the breach of contract claim against all other defendants must be dismissed.  Third, the Individual Defendants argue that no fiduciary duty arose between any of the parties.  Fourth, the Individual Defendants argue that only Commerce owed a duty to Plaintiffs that would give rise to a claim for negligence and that there have been no allegations that any of the defendants, other than Commerce, participated in or were aware of any negligent activities.

Due to the similarity of the arguments made by the respective defendants in the two

3

motions, both motions will be discussed together where possible.

III.    Discussion

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[4]   Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[5]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6] But, the court "need not accept conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]

The parties submitted additional materials in conjunction with these motions that the Court did not consider in deciding these motions.  The Court considered only the Complaint and the materials attached to the Complaint, and will not convert these motions to motions for

---

[4]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

summary judgment.[9]

A.      Breach of Contract

"The elements of a breach of contract claim are '(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.' Thus, to have stated a claim for breach of contract, [Plaintiff] must have alleged sufficient facts, which we view as true, to satisfy each element."[10]

1.      Cushman

In their Complaint, Plaintiffs assert that Commerce breached the contracts by failing to properly collect and calculate fees.  Plaintiffs never assert that Cushman was in breach.  Further, Cushman is not a party to the Agreements, which are attached as exhibits to the Complaint. Therefore, the Court finds that Plaintiffs have not alleged sufficient facts to satisfy that a contract existed between Cushman and Plaintiffs.  The breach of contract claims as against Cushman will be dismissed.

2.      Individual Defendants

Plaintiffs concede that Defendants Martin, D'Evelyn and Lawson should be dismissed. Plaintiffs do not specifically discuss the breach of contract claims with respect to the Individual Defendants.  For these reasons, as well as those outlined above, the Court finds that Plaintiffs have not alleged sufficient facts to satisfy that a contract existed between the Individual

---

[9]*See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996) (upon submission of additional materials, the court may convert a motion to summary judgment under Rule 56, with proper notice and an opportunity for parties to present relevant evidence) (citations omitted).

[10]*MBNA America Bank, N.A. v. Goodman*, 140 P.3d 589, 591 (Utah Ct. App. 2006) (quoting *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2001)).

Defendants and Plaintiffs.  The breach of contract claims as against the Individual Defendants will likewise be dismissed.

    B.    Breach of Fiduciary Duty

    A fiduciary relationship exists "only when one party, having gained the trust and confidence of another, exercises extraordinary influence over the other party."[11]  "Moreover, when the parties deal 'at arm's length' or in an adversarial relationship, no fiduciary relationship can be said to exist."[12]

    Plaintiffs do not refute Defendants' contention that these transactions were conducted at arm's length.  Further, Plaintiffs cite no law in support of their position that a fiduciary relationship arose between Plaintiffs and Cushman or Plaintiffs and the Individual Defendants. Therefore, the Court finds that no fiduciary duty arose with respect to Cushman or the Individual Defendants.  Therefore, this cause of action is dismissed with respect to those Defendants.

    C.    Negligence

    "To prevail on a negligence claim in Utah, a plaintiff must establish, among other things, that the defendant owed the plaintiff a duty of care.  Absent a showing of duty, the claim of negligence has no merit."[13]

    Plaintiffs assert that Defendants negligently contracted with two rubbish removal companies, when only one company could have completed the work.  Plaintiffs further assert that Defendants were negligent in their supervision of the digging and refilling of a trench around one

---

[11]*Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060, 1064 (Utah 1996) (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985) (internal quotations omitted)).

[12]*Id.*

[13]*Boyer v. Boyer*, 183 P.3d 1068, 1071 (Utah Ct. App. 2008).

6

of the properties.  Defendants argue that Plaintiffs have not established that any party other than

Commerce owed a duty to Defendants and that the negligence claim is not properly pleaded

under Rule 8 of the Federal Rules of Civil Procedure.

The Court finds that, based on the reasoning outlined above with respect to both

Cushman and the Individual Defendants, Plaintiffs have failed to establish that a duty existed.

As noted by Defendants, the only duty that the Individual Defendants may have had was to

Commerce, not Plaintiffs.  Therefore, the negligence claim is also dismissed with respect to

Cushman and the Individual Defendants.

IV.     Conclusion

For the reasons discussed above, the Court finds that dismissal of all claims against

Cushman and the Individual Defendants is proper.  It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 12 and 18) are

GRANTED.  These claims are dismissed with prejudice and the only remaining defendant in this

case is Commerce CRG Utah, LLC.

DATED   August 7, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge